## CHARLES D. FISK v. LARS SAMPSON.[1]

May 31, 1912.

Nos. 17,594—(106).

**Unpaid subscription to stock.**

Action for unpaid balance upon a subscription for stock in an insolvent corporation. Defendant did not deny that he was a subscriber and did not claim that he had paid for the stock. *Held:* The books of the corporation were competent evidence, not only to show defendant was a subscriber, but also to show prima facie that he had not paid for his stock in full. [Reporter.]

[1] Reported in 136 N. W. 315, 762.

Action in the district court for Crow Wing county by the receiver of the-Farmers' Co-operative Company to recover a balance of $80, claimed to be due upon a subscription for one share of stock. The defense was a general denial, save of plaintiff's appointment as receiver. The case was tried before McClenahan, J., who directed a verdict in favor of plaintiff for the amount claimed. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

A. T. Larson, for appellant.

D. H. Fisk, for respondent.

PER CURIAM.

The Farmers' Co-operative Company was a corporation doing business at Pequot, Crow Wing county. It became insolvent, and plaintiff was appointed receiver to wind up its affairs. He brought this action to recover an amount claimed to be due for stock subscribed for and sold to defendant. One share of stock was issued to him of the par value of $100 upon which he paid $20 and no more. That defendant was a holder of one share of stock, and that he was indebted to the corporation therefor in the sum of $80, was shown by the books of the corporation.

Defendant insists that the books were incompetent to prove the indebtedness, and that the court erred in receiving them in evidence. We think, and so hold, that, in the absence of a defense of payment, the books showing the state of defendant's account with the corporation were competent, not only as showing defendant to be a stockholder, but also as showing, prima facie, that he had not paid for his stock in full. There being no denial of the fact that defendant was a stockholder, and no suggestion in the evidence that he had paid for his stock, the court was justified in directing a verdict for plaintiff for the amount shown by the books to be due.

Order affirmed.

On June 7, 1912, the following opinion was filed:

PER CURIAM.

The question in this case was considered and decided from the standpoint of defendant as a subscriber of stock, and the reference to him in the per curiam opinion heretofore filed as a stockholder was an inadvertence. The decision states that the action was brought to recover for stock subscribed for by defendant, and upon that theory the case was decided.

Application for a rehearing denied, and stay vacated.